UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MAINE

| | |
|---|---|
| ELENA FLOREY, ) | |
| ) | Docket No. |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF VETERAN'S AFFAIRS, ) | |
| ROBERT WILKIE, SECRETARY ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Now Comes, ELENA FLOREY, by and through counsel and alleges the following:

1. Plaintiff ELENA FLOREY is an individual residing in Kenduskeag, Maine (hereinafter referred to as "Florey"). Florey was an employee of the Department of Veterans Affairs and was subjected to a hostile work environment based on gender, disability, and reprisal for protesting discrimination which is the subject matter of this action.

2. Defendant United States Department of Veteran's, through its Secretary Robert Wilkie, (hereinafter referred to as the "VA") is a federal agency that provides service to veteran's of the United States armed services.

3. The VA was Florey's employer from May 17, 2015 to March, 2019. Florey worked for the VA at the Bangor Community Based Outpatient Clinic ("CBOC") VA Medical Center, as a Medical Support Assistant.

4. Jurisdiction is based in this court pursuant to 28 U.S.C. § 1331\ and 29 C.F.R. § 1614 *et seq.*

5. Florey exhausted her administrative remedies through the VA Informal EEO process and the VA Complaint of Employment Discrimination process and the complaint procedures pursuant to 29 C.F.R. §1614.

6. On Thursday October 5, 2017 Florey learned that William Appel, Program Support Assistant ("PSA") was falsely stating that a co-worker's of Florey's had embezzled money from the annual veteran BBQ that she had run for several years. Florey was very concerned about these false and defamatory statements and shared the information with her co-worker so that the co-worker could protect her reputation.

7. Upon learning of the information, the co-worker was very upset and sought out Florey's assistance drafting an email to supervisors complaining that defamatory statements were being made about her in the workplace.

8. In response to the email a meeting was arranged with the co-worker Mr. Appel and supervisor.  During the meeting Mr. Appel displayed extreme hostility toward the co-worker and Florey.  Mr. Appel referred to Florey disparagingly as "jailhouse lawyer" several times.

9. Florey was very distressed about being subject to the derogatory statement "jailhouse lawyer" made by Mr. Appel, which was directed at Ms. Florey because she is female and was defending a female co-worker against false allegations.

10. Ms. Florey's supervisor, Amy Rich, was friends with Mr. Appel and knew he was upset with Ms. Florey's activity.  Ms. Rich further knew that Mr. Appel angrily referred to Ms. Florey as a "jailhouse lawyer."

11. From October 2017, through 2018 Appel retaliated against Florey by excluded Florey from daily coffee runs and weekly lunch orders. Mr. Appel walked out of the lunch room when Ms. Florey entered and held back a sign in sheet from Ms. Florey during a department meeting until Ms. Florey had to repeatedly ask for the sign in sheet.

12. Appel sent Florey message through Skype in Italian which translated means "You have a nice ass." And Appel "tickled" Florey at least three times touching her belly area even after Florey told Appel to stop.

13. All of Appel's actions created a hostile work environment for Florey. Florey complained to supervisors about Appel's conduct and the supervisors knew or should have known of Appel's behavior in creating a hostile work environment.

14. The actions of Appel in making derogatory statements about Florey in retaliation for her helping the co-worker, in excluding her from office functions and in engaging in acts of physical sexual harassment caused Florey extreme distress. Florey suffers from anxiety and Appel's behavior severely exacerbated her anxiety.

15. On or about September 21, 2018, a coworker told Florey that Administration Officer-CBOC Service Line Jo Wilson, MSA Supervisor Amy Rich, and Service Chief-CBOC Rochelle Findlay stated that Florey talked to the Compliance Officer too much and the coworker told Florey that Florey and another coworker have a "target" on their back and should watch out.

16. Ms. Florey is diagnosed with generalized anxiety disorder and panic attacks, which leave her exhausted, without energy and difficulty concentrating. Ms. Florey disclosed these conditions to the Veteran's Administration and further disclosed that the harassment she was facing was making her anxiety worse.

17. On or about September 13, 2018 Florey requested a reasonable accommodation from VA to change her working hours from 8:30 and to 5:00 pm, to 7:00 am to 4:30 pm in order to accommodate her severe daily anxiety, panic attacks and stress due to the hostile work environment at the VA.

18. On or about September 20, 2018, VA denied Florey's request for a reasonable accommodation because the needs of the clinic did not support a change to an earlier shift, however, the VA would allow Florey to change to a later shift to accommodate the clinic.

19. On or about September 20, 2018 Florey objected and sought to appeal the denial of her request to reasonable accommodation.

20. On or about December 22, 2017, Florey received a performance review performed by Ms. Rich in which Florey was rated lower than expected despite high ratings throughout the performance review, and excellent performance results that Florey gave to clients of VA and to VA during the year.

21. On or about October 24, 2018, during an employee meeting Appel ignored and looked away when Florey requested the sign in sheet and refused to give it to Florey.

22. On November 15, 2018, Florey was again rated lower on her performance review despite higher rating on her performance review.

23. In December, 2018 Florey applied for and was denied two different positions within the Veteran's Administration.

24. After being repeatedly denied accommodations and alternative employment, Ms. Florey was forced to resign from the Veteran's Administration and was constructively discharged.

### Count I
### Title VII

25. Plaintiff restates and realleges each and every allegation contained in paragraph 1 through 21 of this Complaint as if fully set out herein.

26. Plaintiff was an employee of the Veteran's Administration at all times relevant to this Complaint.

27. Plaintiff was discriminated against and harassed because of her gender because she defended another female who was being falsely and unfairly accused of wrongdoing, and as a result of the comments made about her body and unwelcome touching.

4

28. Plaintiff's supervisor knew of the discrimination and harassment and failed to take corrective measures and further retaliated against Plaintiff by giving inaccurate performance evaluations.

29. Plaintiff exhausted her administrative remedies with regard to her complaint.

30. Plaintiff has suffered extreme emotional distress as a result of her actions and was constructively discharged, forcing her to obtain lower paying work elsewhere.

## Count II
## Americans With Disabilities Act

31. Plaintiff restates and realleges each and every allegation set forth in paragraphs 1-30 of this Complaint as if fully set forth herein.

32. Plaintiff is disabled within the meaning of 42 U.S.C. § 12101 ("ADA").

33. Plaintiff was discriminated against in violation of the ADA by being subject to harassment and hostility that caused her disclosed disability to worsen.

34. Plaintiff requested and was denied a reasonable accommodation for a shift change to an earlier shift to alleviate the anxiety caused by the harassment in violation of the ADA.

35. Plaintiff has been damaged by the Veteran's Administration's actions including lost wages and severe emotional distress.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1. enter judgment in their favor;

2. award Plaintiff damages for loss of wages, emotional distress;

3. award Plaintiff punitive damages;

4. award Plaintiff prejudgment interest;

5. award Plaintiff her full costs, including reasonable attorney's fees, expert fees and costs; and

6. award such further relief as is deemed appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**.

Dated this 13th Day of November, 2019.

Plaintiff, by her attorney,

*/s/ Sally Morris*
Sally A. Morris, Bar No. 8479
Attorney at Law
Six City Center, Suite 300
Portland, Maine 04101
(207) 558-6161
Attorney for Plaintiff, Elena Florey